UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESPINOZA, | Case No. CV 11-6143 SVW(JC) |
|     Petitioner, | (PROPOSED) |
|     v. | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| WASCO STATE PRISON, et al., | |
|     Respondents. | |

On July 17, 2011, petitioner, a California state prisoner proceeding *pro se*, filed a document entitled "First Application for Enlargement of Time to File Notice of Appeal and Equitable Tolling" ("Petitioner's Application").[1] Although framed as a request for an extension of time to file a notice of appeal, the Court liberally construes Petitioner's Application to seek an extension of time to file a federal petition for writ of habeas corpus based on lockdown and law library access issues. For the reasons discussed herein, this action is dismissed without prejudice for lack of jurisdiction.

The exercise of federal jurisdiction under the Constitution depends on the existence of a case or controversy. United States Nat'l Bank v. Independent Ins.

---

[1] Petitioner's Application appears to have been signed by petitioner on July 17, 2011, to have been received by the Clerk on July 20, 2011, and to have been formally filed on July 26, 2011.

1  Agents of America, Inc., 508 U.S. 439, 446 (1993); Johnson v. Weinberger, 851
2  F.2d 233, 235 (9th Cir. 1988) (Article III, Section 2 of the United States
3  Constitution restricts adjudication in federal courts to cases and controversies).  A
4  case or controversy exists when one party demonstrates that it has suffered injury-
5  in-fact which fairly can be traced to acts or omissions of the second party and when
6  there is a substantial likelihood that the relief requested will redress the injury
7  claimed.  Johnson, 851 F.2d at 235.

        A federal court lacks jurisdiction to consider the timeliness of a habeas petition unless and until such a petition is actually filed because there otherwise is no case or controversy within the meaning of Article III of the Constitution.  See Ford v. Warden, 2008 WL 2676842 (C.D. Cal. 2008) (Constitution's "case or controversy" jurisdictional requirement precludes giving of advisory opinion that statute of limitations will not bar anticipated, but not yet filed, federal habeas petition); United States v. Leon, 203 F.3d 162, 163 (2d Cir. 2000) (granting government motion to dismiss appeal from order denying motion to submit out of time petition under 28 U.S.C. § 2255 because no case or controversy in absence of filing of petition); Calderon v. Ashmus, 523 U.S. 740, 746-49 (1998) (no "case or controversy" where prisoners sought declaratory relief to determine the time limits that would govern future habeas actions); see also United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986) (in Fair Labor Standards Act case, district court erred by tolling statute of limitations in advance of the filing of potentially untimely claims).

        Here, because petitioner has not actually filed a federal petition for writ of habeas corpus in this action, there is no case or controversy to be heard.

///
///
///
///

1 Consequently, this Court is without jurisdiction to consider Petitioner's
2 Application for an extension of time to file a federal petition for writ of habeas
3 corpus in this action.
4     For the foregoing reasons, this case is dismissed without prejudice.[2]
5     IT IS SO ORDERED.
6     DATED: April 24, 2012

                             /s/ Stephen V. Wilson
                             _____
                             HONORABLE STEPHEN V. WILSON
                             UNITED STATES DISTRICT JUDGE

---

[2] Nothing in this Order precludes petitioner from seeking equitable tolling based on the referenced lockdown and law library access issues in connection with the filing of a federal petition for writ of habeas corpus in a subsequent action. However, nothing in this Order should be construed as a determination of whether or not petitioner is entitled to such tolling.

3